**NOT FOR PUBLICATION**

**FILED**

APR 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| HARMEET SINGH, | No. 23-3589 |
| Petitioner, | Agency No. A215-666-179 |
| v. | MEMORANDUM[*] |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2025[**]

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Harmeet Singh, a native and citizen of India, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely, where it was filed over three years after the final removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order), and Singh did not show changed country conditions in India to qualify for an exception to the filing deadline, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (movant must produce material evidence that conditions in country of nationality had changed).

In light of this disposition, we need not reach Singh's remaining contentions regarding the merits of his claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**